UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

TEAMSTERS LOCAL UNION NO. 430
Plaintiffs,

v. C.A. No. 05-006L

NORTH ATLANTIC TRANSPORT
Defendants.

**PLAINTIFF'S MOTION FOR CONTEMPT AND TO COMPEL COMPLIANCE WITH SUBPOENA**

Based upon the accompanying Memorandum of Law and attached exhibits, Plaintiff hereby moves this Court for an order pursuant to FRCP 45: 1) finding the Defendant in contempt for failure to comply with a subpoena served upon it on March 4, 2005, 2) for an order requiring the Defendant to comply with the subpoena, and 3) for such other and further relief as the Court deems just and proper.

Respectfully Submitted,

Teamsters Local Union No.430,

By its Attorneys,

Christopher H. Little (#1789)
LITTLE, MEDEIROS, KINDER, BULMAN
& WHITNEY, P.C.
72 Pine Street
Providence, RI 02903

Tel: (401) 272-8080
Fax: (401) 521-3555

Providence, Rhode Island
Dated: July 7, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on July 7th, 2005, I caused to be served by first class mail, postage prepaid, a true copy of the within Motion for Contempt and to Compel Compliance with Subpoena to William O'Gara, Holland & Knight, One Financial Plaza, Suite 1800, Providence, RI 02903.

Linda Lizotte

O:\MMR\Teamsters-NAT\Mot to Compel.doc

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

TEAMSTERS LOCAL UNION NO. 430
Plaintiffs,

v. C.A. No. 05-006L

NORTH ATLANTIC TRANSPORT
Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR CONTEMPT AND TO COMPEL COMPLIANCE WITH SUBPOENA**

Pursuant to Federal Rule of Civil Procedure 45(e), Plaintiff Teamsters Local Union No. 430 ("Local 430") moves this court to find Defendant North Atlantic Transport ("NATCO") in contempt for its failure to comply with a subpoena served on it on March 4, 2005. The subpoena requested production and inspection of certain documents that are relevant and material to core issues in this case. NATCO has no basis for refusing to produce such documents. A copy of the subpoena at issue is attached as Exhibit A.

This matter is before the court to enforce the judgment of the Federal District Court for the Middle District of Pennsylvania, which remains unsatisfied. The Judgment of that Court was duly registered in this Court, and an execution was returned unsatisfied. To ascertain the existence and whereabouts of NATCO's assets, as well as its financial relationship to other related entities and persons, Local 430 served a Subpoena on NATCO on March 4, 2005. On April 22, 2005, NATCO produced some documents, but did not produce certain critical documents which were clearly requested by the subpoena. The subpoenaed documents that NATCO has refused to produce include:

- The general ledgers of NATCO and related entities for the year 2003

- The complete 1999 NATCO Money Market account statements
- The complete 2000 NATCO Money Market account statements
- The complete 2000 NATCO Detail Ledger
- The complete 2003 Tax Forms 1120S, both Federal and State, for North Atlantic Distribution, Inc.

FRCP 45(e) provides that "[f]ailure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued." FRCP 45(e); *see, e.g.*, Higginbotham v. KCS Intern., Inc., 202 F.R.D. 444, 455 (D. Md. 2001)("Even though subpoenas are issued by attorneys, they are issued on behalf of the Court and should be treated as orders of the Court.")(imposing sanctions under Rule 45). Under FRCP 45, NATCO was obligated to move to quash or object to Plaintiff's subpoena "within 14 days after service of the subpoena, or before the time specified for compliance." FRCP 45(c)(2)(B). Here, there is no excuse for NATCO's non-compliance, and in any case it has not offered any objection at any time, let alone before the time specified for compliance, which expired on April 7, 2005.

After examining the documents produced by NATCO, counsel for Local 430 notified counsel for NATCO, by letter dated June 1, 2005, (attached as Exhibit B) that the documents produced were inadequate and that NATCO had not complied with the subpoena. The June 1, 2005 letter reiterated with specificity the documents requested, yet NATCO neither produced the documents nor objected to the subpoena. Counsel for Local 430 thereafter sent a second letter, dated June 8, 2005, (attached as Exhibit C) again requesting the missing documents. NATCO once again failed to either respond or object. Finally, on June 15, 2005, more than three months after the subpoena at issue was served on NATCO, Local 430 sent a third and final letter

(attached as Exhibit D) requesting compliance with the subpoena. NATCO again ignored this request, and to date has neither produced the documents nor objected to the subpoena.

In sum, there is no basis for NATCO's refusal to comply with the subpoena, NATCO has not offered any objection, and in any case the time for such an objection has long since passed. For the foregoing reasons, Local 430 requests that the Court: (a) hold NATCO in contempt of court for its unjustified non-compliance; (b) impose an appropriate sanction, including an award of attorneys fees incurred by LOCAL 430 in making this motion; and (c) order that NATCO produce the requested documents forthwith.

Respectfully Submitted,

Teamsters Local Union No.430,

By its Attorneys,

Christopher H. Little (#1789)
LITTLE, MEDEIROS, KINDER, BULMAN
& WHITNEY, P.C.
72 Pine Street
Providence, RI 02903

Tel: (401) 272-8080
Fax: (401) 521-3555

## CERTIFICATE OF SERVICE

I hereby certify that on July 7th, 2005, I caused to be served by first class mail, postage prepaid, a true copy of the within Memorandum of Law in Support of Plaintiff's Motion for Contempt and to Compel Compliance with Subpoena to William O'Gara, Holland & Knight, One Financial Plaza, Suite 1800, Providence, RI 02903.

O:\MMR\Teamsters-NAT\Motion to compel & for contempt.doc