LITTLE MEDEIROS KINDER
BULMAN & WHITNEY PC

*Attorneys*

Christopher H. Little *
Matthew F. Medeiros *
Daniel K. Kinder *
John E. Bulman *
Christopher C. Whitney *
Henry R. Kates *
George H. Rinaldi *
Scott K. Pomeroy
Matthew M. Riordan +
Joseph P. Quinn *
Adam J. Chandler *

John D. Deacon, Jr. *
*Of Counsel*

William R. Powers III
(1931-1998)

Thomas C. Keeney
(1946-1999)

* Also admitted in Massachusetts

+ Admitted in New York and Connecticut only

June 15, 2005

**VIA FACSIMILE AND REGULAR MAIL**

William O'Gara, Esq.
Holland & Knight LLP
One Financial Plaza, Suite 1800
Providence, RI 02903

**RE: Teamsters Local Union No. 430 v. North Atlantic Transport
Case No. 1:02-CV-1461**

Dear Bill:

If we do not receive by the end of this week the documents that were the subject of the original subpoena, we will be pursuing enforcement of the subpoena in the federal court. I trust that will not be necessary.

Pursuant to Rule 45(b)(1) of the Federal Rules of Civil Procedure, I am enclosing a copy of a subpoena that will be served on or after June 30, 2005.

Very truly yours,

Christopher H. Little

Enclosure

F:\MED\Teamsters\ltr O'Gara 061505.doc

AO88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

Teamsters Local No. 430

V.

North Atlantic Transport

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] Misc. 05-006L

TO: Custodian of Records
Prescott, Chatellier, Fontaine & Wilkinson
Two Charles Street, Providence, RI 02904

YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Schedule A.

| PLACE | DATE AND TIME |
|---|---|
| Little Medeiros Kinder Bulman&Whitney, 72 Pine St., Providence, RI | 7/15/05 @ 10:00 AM |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| | |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Christopher H. Little, 72 Pine Street, Providence, RI 02903 Tel. 401-272-8080

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME) MANNER OF SERVICE

SERVED BY (PRINT NAME) TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ______________________
DATE

______________________
SIGNATURE OF SERVER

______________________
ADDRESS OF SERVER

______________________

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# SCHEDULE A

To: Custodian of Records
Prescott, Chatellier, Fontaine & Wilkinson
Two Charles Street
Providence, RI 02904

Pursuant to Federal Rules of Procedure 34 and 45, you are commanded to produce for inspection and copying the documents requested below at 10:00 a.m. on July 15, 2005, at the offices of Little Medeiros Kinder Bulman & Whitney, P.C., 72 Pine Street, Providence, RI 02903.

## Definitions and Instructions

In responding to these document requests, produce all responsive documents that are within the scope of Federal Rules of Civil Procedure 26(b), 34, and 45 which are in your possession, custody, or control, including documents in the possession of your attorneys, their investigators, and all other persons acting on your behalf. All documents produced shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond to the categories in this request.

If any documents are withheld from production on a claim of privilege, or on any other grounds, the claim shall be made expressly and shall be supported by a description of the nature of the documents withheld that is sufficient to enable the party issuing this subpoena to contest the claim.

The following definitions and rules of construction shall apply to these requests for production of documents:

(a) The terms "documents" and "documentation" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents" in Federal Rules of Civil Procedure 34(a) and 45, including, without limitation, e-mails and electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

(b) The term "concerning" means, in the broadest sense, including, relating to, referring to, discussing, describing, evidencing, or constituting in any way.

(c) The term "communication" means the transmittal of information in the form of facts, opinions, ideas, inquiries, or otherwise. Both oral communications and communications by document are within the meaning of this term unless it is otherwise modified.

(d) The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all documents that might otherwise be construed to be outside of its scope.

(e) The terms "any" and "all" shall each be construed to mean any or all as necessary to bring within the scope of the request all documents that might otherwise be construed to be outside of its scope.

(f) The use of the singular form of any word includes the plural and vice versa.

(g) Unless otherwise stated in the requests for production, the relevant time period for each document request is June 1, 1999 to the present.

**Requests for Production**

1. All documents concerning audit reports and financial statements concerning any of the following entities: North Atlantic Transport Company of Rhode Island, NORAD, NORAD Auto Sales, North Atlantic Auto Auction, North Atlantic Distribution, Inc., Northeast Stevedoring, MidAtlantic Processing Incorporated, and/or Vehicle Services Group of RI, Inc.

2. All documents concerning State and Federal tax returns concerning any of the following entities: North Atlantic Transport Company of Rhode Island, NORAD, NORAD Auto Sales, North Atlantic Auto Auction, North Atlantic Distribution, Inc.,

Northeast Stevedoring, MidAtlantic Processing Incorporated, and/or Vehicle Services Group of RI, Inc.

3. All documents concerning any audits performed or requested by the Internal Revenue Service or any state taxing authority concerning any of the following entities: North Atlantic Transport Company of Rhode Island, NORAD, NORAD Auto Sales, North Atlantic Auto Auction, North Atlantic Distribution, Inc., Northeast Stevedoring, MidAtlantic Processing Incorporated, and/or Vehicle Services Group of RI, Inc.

4. All documents concerning depreciation and amortization schedules concerning any of the following entities: North Atlantic Transport Company of Rhode Island, NORAD, NORAD Auto Sales, North Atlantic Auto Auction, North Atlantic Distribution, Inc., Northeast Stevedoring, MidAtlantic Processing Incorporated, and/or Vehicle Services Group of RI, Inc.

5. All documents concerning general ledgers concerning any of the following entities: North Atlantic Transport Company of Rhode Island, NORAD, NORAD Auto Sales, North Atlantic Auto Auction, North Atlantic Distribution, Inc., Northeast Stevedoring, MidAtlantic Processing Incorporated, and/or Vehicle Services Group of RI, Inc.

6. All documents concerning general journal entries concerning any of the following entities: North Atlantic Transport Company of Rhode Island, NORAD, NORAD Auto Sales, North Atlantic Auto Auction, North Atlantic Distribution, Inc., Northeast Stevedoring, MidAtlantic Processing Incorporated, and/or Vehicle Services Group of RI, Inc.

7. All documents concerning trial balances concerning any of the following entities: North Atlantic Transport Company of Rhode Island, NORAD, NORAD Auto Sales, North Atlantic Auto Auction, North Atlantic Distribution, Inc., Northeast Stevedoring, MidAtlantic Processing

Incorporated, and/or Vehicle Services Group of RI, Inc.

8. All documents concerning any correspondence, emails, notes, memoranda, or other documents concerning any communications between Prescott, Chatellier, Fontaine & Wilkinson, or any of its successors, predecessors, or current or former officers or employees, and any of the following entities: North Atlantic Transport Company of Rhode Island, NORAD, NORAD Auto Sales, North Atlantic Auto Auction, North Atlantic Distribution, Inc., Northeast Stevedoring, MidAtlantic Processing Incorporated, and/or Vehicle Services Group of RI, Inc.

9. All documents concerning any services provided by Prescott, Chatellier, Fontaine & Wilkinson, or any of its successors, predecessors, or current or former officers or employees, concerning any of the following entities: North Atlantic Transport Company of Rhode Island, NORAD, NORAD Auto Sales, North Atlantic Auto Auction, North Atlantic Distribution, Inc., Northeast Stevedoring, MidAtlantic Processing Incorporated, and/or Vehicle Services Group of RI, Inc.

LITTLE MEDEIROS KINDER
BULMAN & WHITNEY PC

72 Pine Street Providence, RI 02903
401-272-8080 Facsimile 401-521-3555

# FACSIMILE COVER SHEET

9 pages (including cover)

**TO:** William O'Gara, Esq.
**FAX:** 553-6850
**DATE:** June 15, 2005
**FROM:** Christopher H. Little

**RE:** Teamsters Local Union No. 430 v. North Atlantic Transport
Case No. 1:02-CV-1461

Confidentiality Note:

The facsimile contains privileged and confidential information intended only for the use of the recipient named above. If the reader of this facsimile is not the person, agent or employee of the person named above, you are hereby notified that dissemination or copying of the facsimile is strictly prohibited. If you have received this document in error, please notify sender immediately by telephone and send the facsimile to the above address via US postal service. Thank you.

TRANSMISSION VERIFICATION REPORT

TIME : 06/15/2005 14:34
NAME : LMKBW
FAX : 4015213555
TEL : 4012728080
SER.# : BROA4J226906

| | |
|---|---|
| DATE,TIME | 06/15 14:33 |
| FAX NO./NAME | 5536850 |
| DURATION | 00:01:09 |
| PAGE(S) | 09 |
| RESULT | OK |
| MODE | STANDARD<br>ECM |