AO88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

Teamsters Local No. 430

V.

North Atlantic Transport

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] Misc. 05-006L

TO: Daniel J. Ryan, Daniel J. Ryan & Co., LLC
One Davol Square
Providence, RI 02903

YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Schedule A.

| PLACE | DATE AND TIME |
| --- | --- |
| Little Medeiros Kinder Bulman&Whitney, 72 Pine St., Providence, RI | 8/19/05 @ 10:00 AM |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| C. H. Little Attorney for Plaintiff | August 10, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Christopher H. Little, 72 Pine Street, Providence, RI 02903 Tel. 401-272-8080

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

41.00 # 4389

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 8/11/05 | 1 Davol Sq. Providence |

SERVED ON (PRINT NAME): Daniel Ryan

MANNER OF SERVICE: Personally to witness

SERVED BY (PRINT NAME): Thomas Noury, 41 N. Elmore Ave., P.O. Box 114026, North Providence, RI 02911

TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 8/11/05
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER
Thomas Noury
41 N. Elmore Ave.
P.O. Box 114026
North Providence, RI 02911

SCHEDULE A

To: Daniel J. Ryan, CPA
Daniel J. Ryan & Company, LLP
One Davol Square
Providence, RI 02903

Pursuant to Federal Rules of Procedure 34 and 45, you are commanded to produce for inspection and copying the documents requested below at 10:00 a.m. on August 19, 2005, at the offices of Little Medeiros Kinder Bulman & Whitney, P.C., 72 Pine Street, Providence, RI 02903.

**Definitions and Instructions**

In responding to these document requests, produce all responsive documents that are within the scope of Federal Rules of Civil Procedure 26(b), 34, and 45 which are in your possession, custody, or control, including documents in the possession of your attorneys, their investigators, and all other persons acting on your behalf. All documents produced shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond to the categories in this request.

If any documents are withheld from production on a claim of privilege, or on any other grounds, the claim shall be made expressly and shall be supported by a description of the nature of the documents withheld that is sufficient to enable the party issuing this subpoena to contest the claim.

The following definitions and rules of construction shall apply to these requests for production of documents:

(a) The terms "documents" and "documentation" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents" in Federal Rules of Civil Procedure 34(a) and 45, including, without limitation, e-mails and electronic or

computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

(b) The term "concerning" means, in the broadest sense, including, relating to, referring to, discussing, describing, evidencing, or constituting in any way.

(c) The term "communication" means the transmittal of information in the form of facts, opinions, ideas, inquiries, or otherwise. Both oral communications and communications by document are within the meaning of this term unless it is otherwise modified.

(d) The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all documents that might otherwise be construed to be outside of its scope.

(e) The terms "any" and "all" shall each be construed to mean any or all as necessary to bring within the scope of the request all documents that might otherwise be construed to be outside of its scope.

(f) The use of the singular form of any word includes the plural and vice versa.

**Requests for Production**

1. All documents concerning audit reports and financial statements concerning any of the following entities: North Atlantic Transport Company of Rhode Island, NORAD, NORAD Auto Sales, North Atlantic Auto Auction, North Atlantic Distribution, Inc., Northeast Stevedoring, MidAtlantic Processing Incorporated, and/or Vehicle Services Group of RI, Inc.

2. All documents concerning State and Federal tax returns concerning any of the following entities or persons: North Atlantic Transport Company of Rhode Island, NORAD, NORAD Auto Sales, North Atlantic Auto Auction, North Atlantic Distribution, Inc., Northeast Stevedoring, MidAtlantic Processing Incorporated, Vehicle

Services Group of RI, Inc, and/or Michael Miranda.

3. All documents concerning general ledgers concerning any of the following entities: North Atlantic Transport Company of Rhode Island, NORAD, NORAD Auto Sales, North Atlantic Auto Auction, North Atlantic Distribution, Inc., Northeast Stevedoring, MidAtlantic Processing Incorporated, and/or Vehicle Services Group of RI, Inc.

4. All documents concerning general journal entries concerning any of the following entities: North Atlantic Transport Company of Rhode Island, NORAD, NORAD Auto Sales, North Atlantic Auto Auction, North Atlantic Distribution, Inc., Northeast Stevedoring, MidAtlantic Processing Incorporated, and/or Vehicle Services Group of RI, Inc.

5. All documents concerning trial balances concerning any of the following entities: North Atlantic Transport Company of Rhode Island, NORAD, NORAD Auto Sales, North Atlantic Auto Auction, North Atlantic Distribution, Inc., Northeast Stevedoring, MidAtlantic Processing Incorporated, and/or Vehicle Services Group of RI, Inc.

6. All documents concerning any correspondence, emails, notes, memoranda, or other documents concerning any communications between you or Daniel J. Ryan and Company, LLC, and any of the following persons or entities: North Atlantic Transport Company of Rhode Island, NORAD, NORAD Auto Sales, North Atlantic Auto Auction, North Atlantic Distribution, Inc., Northeast Stevedoring, MidAtlantic Processing Incorporated, Vehicle Services Group of RI, Inc., and/or Michael Miranda.

7. All documents concerning any services provided by you or Daniel J. Ryan and Company, LLC, concerning any of the following persons or entities: North Atlantic Transport Company of Rhode Island, NORAD, NORAD Auto Sales, North

Atlantic Auto Auction, North Atlantic Distribution, Inc., Northeast Stevedoring, MidAtlantic Processing Incorporated,Vehicle Services Group of RI, Inc., and/or Michael Miranda.